[Cite as *State ex rel. Ammann v. Moore*, 2026-Ohio-2947.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE EX REL. STEVEN AMMANN, | : | |
| Relator, | : | |
| | : | No. 116280 |
| v. | : | |
| JUDGE LAUREN C. MOORE, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** July 29, 2026

Writ of Prohibition
Motion No. 594635
Order No. 597449

*Appearances:*

Steven Ammann, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Relator Steven Ammann seeks a writ of prohibition preventing respondent Judge Lauren C. Moore from conducting further proceedings involving relator in an underlying case, *CrushingItProductions, L.L.C. v. Prop4, L.L.C,*

Cuyahoga C.P. No. CV-26-132402. For the reasons that follow, we grant respondent's motion to dismiss, dismissing relator's complaint in part and sua sponte dismiss the complaint in part.

## I.     Factual and Procedural History

{¶ 2}   On March 23, 2026, Ammann filed a complaint for writ of prohibition and emergency motion to stay a case-management conference that was scheduled by respondent. He argued that respondent lacked jurisdiction in the underlying common pleas case because Ammann was not properly served with the complaint, the plaintiff in the underlying action was not a valid corporate entity at the time the contract that is the subject of the underlying action was formed, and an arbitration provision in the subject contracts governs suits between the parties. The complaint alleged that in the underlying civil suit, service of process was sent to an address for Ammann in Florida, where he has not resided for over a year. He states that the docket in the underlying case indicates that certified mail service was perfected, but he did not receive proper service of the complaint. He further states that he has entered a limited appearance in the case in order to file a motion to dismiss and a motion to quash service.  He asserts that instead of ruling on these motions, the respondent has set a case-management conference, requiring him to participate in the litigation and has not ruled on his pending motions.

{¶ 3}   On April 22, 2026, respondent filed a motion to dismiss the complaint arguing primarily that she had subject-matter jurisdiction and Ammann's arguments going to personal jurisdiction were not grounds for relief in prohibition.

The motion also asked this court to take judicial notice of several events evidenced in the docket of the underlying case. Ammann timely filed opposition and also asked this court to take judicial notice of facts and the underlying docket. Finally, respondent filed a brief in support of the motion to dismiss.

## II. Law and Analysis

{¶ 4} This court is deciding the matter on respondent's motion to dismiss, relator's brief in opposition, and respondent's reply brief. Under Civ.R. 12(B), a court may dismiss a complaint for failure to state a claim upon which relief can be granted if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in favor of the relator, it appears beyond doubt that the relator can prove no set of facts entitling them to the requested extraordinary relief. *State ex rel. CNG Fin. Corp. v. Nadel*, 2006-Ohio-5344, ¶ 13.

{¶ 5} Ammann argues that respondent's motion to dismiss only addressed one of three grounds for relief in prohibition. To that end, sua sponte dismissal of a complaint for an extraordinary writ is appropriate where the claims are frivolous or obviously without merit. *State ex rel. Shepherd v. Gall*, 2026-Ohio-2690, ¶ 6.

{¶ 6} The parties also ask this court to take judicial notice of various filings in the underlying case without converting the motion to dismiss to a motion for summary judgment. Taking judicial notice of filings in the underlying case is not necessary to resolve the matter before us. Therefore, this court will not do so and will not convert the motion to one for summary judgment.

{¶ 7} To be entitled to a writ of prohibition, a relator must demonstrate that the respondent is exercising or about to exercise judicial power, there is a lack of authority to exercise that power, and there is no other adequate remedy in the ordinary court of the law. *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 2017-Ohio-7528, ¶ 9, citing *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13. Where a respondent patently and unambiguously lacks jurisdiction to act, a court may grant a writ of prohibition even if an adequate remedy at law exists. *Id.*, citing *State ex rel. V.K.B. v. Smith*, 2013-Ohio-5477, ¶ 9.

{¶ 8} Ammann does not take issue with the general subject-matter jurisdiction of respondent to hear the class of cases involved here as a common pleas court judge. Instead, he argues that respondent lacks jurisdiction to act for three reasons: (1) the alleged failure of service in the underlying case, (2) that the plaintiff in the underlying case lacks standing, and (3) that an arbitration clause requires binding arbitration.

## A. Personal Jurisdiction

{¶ 9} Ammann claims that respondent lacks personal jurisdiction over him because there has not been valid service of process in the underlying suit. He claims that service that is noted on the docket in the case was allegedly perfected on an address where he does not reside and has not resided for over a year.

{¶ 10} As the Supreme Court of Ohio has long stated,

> "issuance of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an 'extremely rare occurrence.'" *State ex rel. Suburban Constr. Co. v. Skok*,

85 Ohio St. 3d 645, 647 (1999), quoting *Clark v. Connor*, 82 Ohio St. 3d 309, 315 (1998). In the "extremely rare cases where we issued the writ, the lack of personal jurisdiction was 'premised on a complete failure to comply with constitutional due process.'" *Id.*, quoting *Fraiberg v. Cuyahoga Cty. Court of Common Pleas*, 76 Ohio St.3d 374, 378, 667 N.E.2d 1189 (1996).

*Mancino* at ¶ 11. This generally equates to a lack of minimum contact with the forum state.

{¶ 11} This analysis depends on a state's long-arm statute, the civil rules, and the Fourteenth Amendment. "An Ohio trial court has personal jurisdiction over a nonresident defendant when (1) the long-arm statute, R.C. 2307.382, and the Rules of Civil Procedure confer jurisdiction and (2) the exercise of jurisdiction comports with due process under the Fourteenth Amendment to the United States Constitution." *LG Chem, Ltd. v. Goulding*, 2022-Ohio-2065, ¶ 10, citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551, ¶ 28.

{¶ 12} However, for prohibition, courts are concerned with the constitutional due process analysis of the Fourteenth Amendment. "For a court's exercise of jurisdiction to comport with due process, the defendant must have 'minimum contacts' with the forum state such that 'the maintenance of the suit' is reasonable and 'does not offend "traditional notions of fair play and substantial justice."'" *Id.* at ¶ 11, quoting *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).

{¶ 13} Here, Ammann does not allege a lack of minimum contacts with Ohio. Instead, he alleges a failure of service of process under the civil rules. This is insufficient, on its face, to meet the stringent requirements for relief in prohibition.

As the Supreme Court of Ohio has stated, "[w]hen a prohibition claim is predicated on defective service, '[i]f contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie.'" *Lundeen v. Turner*, 2021-Ohio-1533, ¶ 17, quoting *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 646 (1999); *see also State ex rel. Downs v. Panioto*, 2006-Ohio-8, ¶ 28.

{¶ 14} Therefore, respondent does not patently and unambiguously lack jurisdiction and Ammann has an adequate remedy. As explained in *Lundeen*, Ammann's remedy is to raise the failure of service in the underlying action, in an appeal from final judgment, or in a postjudgment motion to vacate. *Id*. at ¶ 22. Ammann's complaint indicates that he has, in fact, taken advantage of the first avenue of relief by filing a motion to quash service, which he alleges remains pending in the underlying case.

{¶ 15} Ammann alleges a failure of service of process insufficient to justify extraordinary relief in prohibition. Respondent is correct that Ammann cannot establish, on the facts pled in the complaint, entitlement to relief in prohibition.

**B. Standing**

{¶ 16} Ammann next argues that the corporate plaintiff in the underlying action lacks standing because it did not exist at the time of contract formation and therefore could suffer no injury.

{¶ 17} A detailed statement regarding standing is not required in this case. It is sufficient to state that a lack of standing does not affect the subject-matter jurisdiction of a court: "As succinctly stated by the Supreme Court of Ohio in [*Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275] and [*Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017], a party's lack of standing does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *State ex rel. Saghafi v. Celebrezze*, 2015-Ohio-1159, ¶ 8 (8th Dist.).

{¶ 18} Therefore, respondent does not patently and unambiguously lack jurisdiction because of an alleged lack of standing.

{¶ 19} Ammann has an adequate remedy by raising the lack of standing in the underlying proceedings or on appeal. Ammann's complaint indicates that he has raised the lack of standing in a motion to dismiss in the underlying proceedings. "A trial court's decision on the issue of standing is properly challenged in a postjudgment appeal rather than via extraordinary writ." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998), citing *State ex rel. Smith v. Smith*, 75 Ohio St.3d 418, 420 (1996); *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St. 3d 245, 251 (1992).

{¶ 20} Ammann claims that standing is required and a court that proceeds without standing violates Article IV, Section 4(B) of the Ohio Constitution. He does not address cases from the Supreme Court of Ohio that specifically address standing in the context of prohibition. Instead, he points to *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, and claims this is dispositive. That case did not address a claim for relief in prohibition, nor did it address subject-matter jurisdiction.

Instead, it was a declaratory-judgment action that involved a constitutional challenge to a statute. That is not what is before this court.

{¶ 21} Other cases cited by Ammann are also not controlling here. In one case, a common pleas judge attempted to exert authority in an action that sought to collect on a foreign judgment before any judgment was domesticated. *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 68. The trial court attempted to take action contrary to statute and provide a remedy that exceeded its statutory authority. *Id.* at ¶ 69. That situation does not exist here.

{¶ 22} The Supreme Court of Ohio has stated that "with few exceptions, 'a writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the lower court.'" *State ex rel. Thomas v. McGinty*, 2020-Ohio-5452, ¶ 26, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21 (1965). The purported lack of standing by a party does not affect the subject-matter jurisdiction of a common pleas court. Respondent does not patently and unambiguously lack jurisdiction, and Ammann has an adequate remedy at law, which he is already in the process of exercising.

{¶ 23} Ammann obviously cannot prevail on the allegations in his complaint based on an alleged lack of standing of a plaintiff in the underlying suit.

## C. Arbitration Agreement

{¶ 24} Ammann also argues that an arbitration provision applies to the claims at issue in the underlying suit. He asserts that this deprives the court of jurisdiction to proceed in the underlying action.

{¶ 25} The existence of an arbitration agreement, without more, does not impact a court's subject-matter jurisdiction. Additionally, "[a]rbitration does not normally require dismissal of the claims referable to arbitration; it warrants only a stay of those claims pending arbitration." *Morgan Stanley Dean Witter Commercial Fin. Servs. v. Sutula*, 2010-Ohio-2468, ¶ 3. R.C. 2711.02 specifically contemplates this and makes a decision on a motion to compel arbitration a final, appealable order. R.C. 2711.02(D).

{¶ 26} Ammann's own complaint recognizes this where he states that "[i]f [the arbitration] clauses are enforceable, the entire case must be referred to arbitration. . . ." A referral for arbitration does not equate to a dismissal of the case for lack of jurisdiction. As the Seventh District, this court, and others have recognized, "[t]he fact that the dispute may be subject to arbitration does not divest the trial court of that jurisdiction. Instead, the trial court should. . . [stay] proceedings pending arbitration upon a proper motion under R.C. 2711.02(B)." *Taylor Winfield Corp. v. Winner Steel*, 2006-Ohio-4608, ¶ 14 (7th Dist.); *Pappas v. Richmond Towers LLC*, 2011-Ohio-5249, (8th Dist.); and *Minkin v. Ohio State Home Servs.*, 2016-Ohio-5804, ¶ 16 (10th Dist.).

{¶ 27} This argument does not demonstrate a patent and unambiguous lack of jurisdiction, and Ammann has an available remedy by filing a motion to compel arbitration and an appeal from that decision. *State ex rel. CNG Fin. Corp. v. Nadel*, 2006-Ohio-5344. Absent some other jurisdictional bar, a writ of prohibition will not issue. *See State ex rel. Blanchard Valley Health Assn. v. Bates*, 2006-Ohio-2621 (6th Dist.).

{¶ 28} Ammann obviously cannot prevail on the facts alleged in the complaint.

## III. Conclusion

{¶ 29} Ammann's complaint for relief in prohibition is dismissed, in part pursuant to respondent's motion to dismiss and in part sua sponte, because he obviously cannot prevail on the facts as alleged in the complaint. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 30} Complaint dismissed.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
TIMOTHY W. CLARY, J., CONCUR